IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHAEL A. BRUZZONE, | No. C 13-03729 WHA |
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION** |
| INTEL CORPORATION, | |
| Defendant. | |

For the reasons stated below and at the hearing held on February 27, this action is hereby **DISMISSED WITHOUT PREJUDICE**. This action was originally filed as a *qui tam* action. After the United States declined to intervene and consented to dismissal without prejudice, plaintiff, without leave, transmogrified this action into an individual action against Intel Corporation. This was procedurally improper. The dismissal is without prejudice, although, this order in no way blesses any individual action Michael A. Bruzzone may file, or any of the allegations he has made.

\*           \*           \*

On August 12, 2013, Michael A. Bruzzone, via his counsel Attorney R. Kenneth Bauer, filed this *qui tam* action.

After investigating Mr. Bruzzone's allegations and receiving an extension, the United States declined to intervene in October 2013 (Dkt. No. 8).

On October 29, an order lifted the seal and stated "[t]he relator shall serve the Complaint on defendants" (Dkt. No. 9).

On December 2, plaintiff, via counsel, stated that "he is not in the financial position to fund this action without government intervention," and:

> In that regard, Plaintiff will request an extension of time within which to serve the Summons and Complaint while he attempts to provide additional evidentiary information to the U.S. Attorney, and/or attempts to obtain funding support, and/or attempts to retain other counsel, and/or decides to move for dismissal of this action.

(Dkt. No. 11).

In light of these representations, at the December 4 case management conference, plaintiff was provided an extension to January 16 (Dkt. No. 15).

On January 10, 2014, plaintiff stated that "he is not in the financial position to fund this action without government intervention" and "[t]he Summons and Complaint have not yet been served on Defendants." Plaintiff was "in the process of amending the Complaint to simplify the allegations, and to delete all defendants except Intel" (Dkt. No. 17).

A January 16 order notified plaintiff that the action would be dismissed if he continued to fail to serve the only remaining defendant, Intel Corporation, and the United States consented to dismissal (Dkt. No. 18).

On January 16, the United States consented to dismissal without prejudice (Dkt. No. 20).

On January 24, plaintiff filed a "first amended *qui tam* complaint to recover damages for anti-competitive actions and retaliation" against defendant Intel Corporation (Dkt. No. 23).

On February 20, plaintiff Michael A. Bruzzone filed a substitution of attorney seeking to proceed *pro se*. He is not an attorney.

The same day, without obtaining leave of Court, he filed a second amended complaint, entitled:

> Second amended to relator civil complaint to recover 200 months of professional, personal, trade, employment blacklist financial harms that is organized crime retaliation to obstruct, punish, scare off industry, federal and states witnesses

(Dkt. No. 26).

On February 27, plaintiff Michael A. Bruzzone and Attorney Steven Dillick (on behalf of Attorney R. Kenneth Bauer) appeared. Plaintiff stated his request to proceed *pro se*. The

2

request was approved. Attorney Sara Winslow appeared on behalf of the United States. This order follows oral argument.

For the reasons stated at the hearing, this order finds it appropriate to dismiss without prejudice any lingering *qui tam* portions of Michael A. Bruzzone's complaint. The United States has declined to intervene and consented to dismissal without prejudice. It would be to the detriment of our country to have a *pro se* litigant without resources proceed on behalf of the United States via a *qui tam* action in such a circumstance. For these reasons, the *qui tam* complaint is **DISMISSED WITHOUT PREJUDICE**.

This order further finds it appropriate to dismiss without prejudice any individual claims Michael A. Bruzzone added — without seeking or obtaining leave of Court — to his second amended complaint, filed almost six months after commencing this *qui tam* action. Michael A. Bruzzone has not served Intel Corporation, other than to have his second amended complaint mailed "by overnight post" on February 20 (Dkt. No. 29). It is procedurally improper for *pro se* plaintiff Michael A. Bruzzone to transmogrify a *qui tam* action into an individual retaliation action based on allegations from approximately 1997. For these reasons, the individual claims are **DISMISSED WITHOUT PREJUDICE**. To be clear, this order in no way blesses any of Mr. Bruzzone's claims or validates him filing a new lawsuit.

**IT IS SO ORDERED.**

Dated: February 27, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3